Filed 10/20/25  P. v. Ximenez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102043 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F10123) |
| v. | |
| CHRISTOPHER XIMENEZ, | |
| Defendant and Appellant. | |

Defendant Christopher Ximenez appeals from his resentencing pursuant to Penal Code section 1172.75.[1]  Appellate counsel filed an opening brief setting forth the facts of the case asking this court to review the record and determine whether there are arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

---

[1]  Undesignated statutory references are to the Penal Code.

1

During the pendency of this appeal defendant was paroled. In the declaration attached to defendant's brief, appellate counsel indicated he did not have defendant's new address so he had not advised defendant that he was filing a *Wende* brief or that defendant had a right to file a supplemental brief. This court issued an order to show cause why the appeal should not be dismissed as abandoned. Counsel responded with a letter stating, "Having consulted with [defendant], we have decided not to respond and will submit the matter on the record before the court." We construe counsel's letter as indicating counsel advised defendant of the filing of the *Wende* brief and defendant's right to file a supplemental brief and that defendant has elected not to do so.

Although this is not defendant's first appeal as of right, we exercise our discretion to independently review the record. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 233, fn. 6 (*Delgadillo*).) Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2004, a jury found defendant guilty of kidnapping (§ 207, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), child endangerment (§ 273a, subd. (a)), and making criminal threats (§ 422). As to the assault with a deadly weapon, the jury found true a personal use of a deadly weapon enhancement allegation. The jury also found several aggravating circumstance allegations true. In bifurcated proceedings, the trial court found defendant had a prior conviction that qualified as both a strike (§§ 1170.12, 667, subds. (b)-(i)) and a serious felony (§ 667, subd. (a)) and had served a prior prison term (§ 667.5, former subd. (b)).

The trial court sentenced defendant to 28 years in prison, which included an upper term of eight years for the kidnapping conviction, doubled to 16 years under the "Three Strikes" law, five years for the prior serious felony enhancement, and one year for the prison prior term enhancement. The trial court awarded defendant 585 days of custody credits.

2

Defendant appealed his conviction, and a different panel of this court affirmed the judgment. (*People v. Ximenez* (Mar. 28, 2008, C049844) [nonpub. opn.].)[2]

In 2024, the Department of Corrections and Rehabilitation notified the trial court that defendant was eligible for resentencing under section 1172.75. Defendant filed a sentencing brief requesting that, in addition to striking his prior prison term enhancement, the trial court reduce his sentence to the middle term on his kidnapping conviction and dismiss both his prior strike conviction and prior serious felony enhancement under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The People agreed the trial court should strike defendant's prior prison term enhancement but argued it should not dismiss either the prior strike conviction or prior serious felony enhancement.

Following a hearing, the trial court struck defendant's prior prison term enhancement but denied defendant's request to dismiss his prior strike conviction or prior serious felony enhancement. The trial court reimposed the remaining terms, for an aggregate term of 27 years. The trial court recalculated custody credits as of the date of resentencing and reimposed all previous fines and fees.

Defendant timely appealed.

## DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

---

[2] On the court's own motion we incorporate by reference our opinion in *People v. Ximenez, supra*, C049844.

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not required in an appeal from a postjudgment order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-226.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id*. at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice did not inform defendant that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id*. at pp. 222, 233 & fn. 6.)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postjudgment relief order under section 1172.6 (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["In this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations."]), the same principles may nonetheless apply in the present matter given that this is not defendant's first appeal as of right. However, we need not decide whether *Delgadillo* in fact governs review of this resentencing because, like our Supreme Court, we exercise our discretion to conduct an independent review of the record. Having done so, we find no arguable errors that are favorable to defendant and thus affirm.

DISPOSITION

The judgment is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
ROBIE, Acting P. J.

/s/
BOULWARE EURIE, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5